IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARSON DARRELL RODGERS,       )
                              )
        Petitioner,            )
                              )     1:04CV00498
        v.                     )     1:02CR374-2
                              )
UNITED STATES OF AMERICA,      )
                              )
        Respondent.            )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner has submitted a "motion to reopen the judgment due to newly discovered evidence." (Docket no. 120.) Petitioner's motion to vacate his sentence was denied on September 16, 2005, and Petitioner's appeal of that judgment is pending at this time. (Docket nos. 113, 115.) Petitioner submits a copy of a state court order issued on December 9, 2005, that vacates a prior conviction of Petitioner for speeding to elude arrest. (Docket no. 120, ex. A.) He bases his motion to reopen on this order. The order sets aside his plea and sentence on that charge, but places the matter back on the state court docket for January 26, 2006. (*Id*.) Petitioner claims that his classification as an armed career criminal increased his offense level and that he is claiming on appeal that he is actually innocent of being an armed career criminal. He claims that information of the state court order should enable the court of appeals to address this claim.

Petitioner has failed to show that his judgment should be reopened. First, although the state court has set aside the conviction for speeding, it has placed the matter on the docket again and until the matter is finally disposed of the motion to reopen is premature. Second, Petitioner has not shown that the setting aside of this conviction would change his sentence. His reasoning is apparently that this conviction was used as a predicate conviction to find that he was an armed career criminal. Even if this was the case, this court has previously

determined that his status as an armed career criminal did not affect his sentence because his offense level as a career offender was higher and therefore trumped the armed career criminal level. (Docket no. 106; PSR ¶ 25 (calculating offense level under USSG § 4B1.4(b)(2)).) Also, as a career offender his criminal history category was VI. Petitioner would still have the two prior convictions needed to qualify as a career offender even if the speeding to elude arrest conviction is nullified. (PSR ¶¶ 33, 36.) Accordingly, Petitioner's motion to reopen should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to reopen his judgment (docket no. 120) be denied.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 12, 2006